UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Hon. Douglas E. Arpert |
| v. | : |
| | : Mag. No. 21-6021 (DEA) |
| RICHARD N. EDWARDS, JR., | : |
| a/k/a "Daddy Rich"; and | : |
| JAMIL J. YASIN | : |

## STIPULATED PROTECTIVE ORDER

This matter having come before the Court on the joint application of the United States, by Rachael A. Honig, Acting United States Attorney (Ian D. Brater, Assistant U.S. Attorney, appearing), and defendant Jamil J. Yasin (Tim Anderson, Esq., appearing) for a protective order in the above-captioned criminal matter (the "Protective Order"); and the parties respectfully request that the Court issue the Protective Order in the form set forth below. The parties state as follows:

1. The Defendant is presently charged by criminal complaint with knowingly and intentionally distributing and possessing with intent to distribute a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

2. The discovery materials in this case consist of, among other things, audio and video recordings of controlled purchases of narcotics by a confidential source working at the direction and supervision of law enforcement, search warrants, investigative reports, physical items seized during the investigation,

and photographs.

3. In order to further plea discussions, the Government seeks to voluntarily share with defense counsel certain materials among those described above. The parties recognize that the Government's decision to share these materials at this early stage in the proceedings is purely voluntary, and that the Government is under no obligation – whether under Rule 16, or under any other rules, statutes, or case law – to provide pre-Indictment discovery to defendants.

4. Undersigned counsel for the Defendant, the Defendant through his counsel, and all other individuals identified in paragraph 8, by and through counsel for the Defendant, consent to the protection of such discovery materials on the terms set forth below.

5. The pre-Indictment discovery materials the Government seeks to provide to counsel for the Defendant include sensitive, non-public information gathered during the course of the investigation, some of which relates to criminal conduct of presently uncharged parties and potentially identifying information regarding conduct by confidential human sources or other cooperating individuals (hereinafter, "Protected Information").

6. The defense understands and accepts the limited purposes for which it may use these discovery materials. The defense will not make any other use of these materials, and agrees not to share them with any other individual or party outside of the authorized persons identified in paragraph 8, and subject to the terms and limited exceptions set forth herein.

7. The parties recognize that there is a significant possibility that

disclosure of the Protected Information would be detrimental to defendants, witnesses, presently uncharged parties, and confidential human sources. Given the risks posed by disclosure and the prevalence of Protected Information throughout the discovery materials, all discovery materials are to be treated as Protected Information.

8. Access to Protected Information will be restricted to the Defendant and his attorney of record, and that attorney's associate attorneys, paralegals, investigators, experts (retained pursuant to a written retainer agreement by the Defendant and/or his counsel in connection with the criminal case), secretaries employed by the attorney of record and performing services on behalf of the Defendant, and such other persons as hereafter may be authorized by the Government or the Court upon motion by the defense. Protected Information may not be provided to or remain in the custody of prospective witnesses or other unauthorized persons, and to the limited extent set forth below in sub-paragraphs 9.d. and 9.e., may not be provided to or remain in the custody of the Defendant.

9. The following restrictions apply to the individuals designated above in paragraph 8 unless further ordered by the Court. The above-designated individuals shall not:

    a. Disseminate copies of Protected Information to persons not authorized in paragraph 8;

    b. Allow persons not authorized in paragraph 8 to read, view, or listen to Protected Information;

c. Use Protected Information for any purpose other than plea negotiations or preparing for the Defendant's defense in this case (i.e., for proffer meetings, hearings, or trial);

d. Allow the Defendant to possess, if provided by the Government, covert audio and video recordings made in connection with the investigation in this case, or still images from those video recordings to the extent those images show identifying features of confidential human sources (i.e., his or her face);

e. Provide the Defendant hard copies of search warrant applications, affidavits, warrants, or sealing papers, to the extent provided by the Government; the Defendant, if detained, may, however, view electronic copies of these materials, to the extent provided by the Government, stored on a compact disc or other electronic storage device using computers in the library of the detention facility in which he may be held, provided that the compact disc or other electronic storage device is not removed from the library and otherwise remains in the custody and control of designated staff members at the detention facility; the Defendant, if not detained, may view copies of the search warrant materials, to the extent provided by the Government, at the Defendant's attorney's office, while in the presence of the Defendant's attorney, provided that the copies remain in the custody and control of the Defendant's attorney, and are

    otherwise handled in adherence with the restrictions set forth herein;

  f. With respect to the Defendant specifically, duplicate any discovery materials, whether by photocopy, photograph, writing, or otherwise, except that the Defendant may take notes for the limited purpose of assisting in his defense, so long as those notes are not disseminated or shown to persons other than authorized persons identified in paragraph 8 and do not amount to duplicates of materials protected herein.

  10. Defense counsel shall advise any person to whom Protected Information is disclosed that such information should be held in strict confidence and that further disclosure or dissemination is prohibited without defense counsel's express consent.

  11. Defense counsel shall obtain a certification, attached hereto, from each person to whom Protected Information is disclosed, in which the recipient; (a) acknowledges the restrictions set forth in this Protective Order, and (b) agrees that he/she will not disclose or disseminate the information without the express consent of defense counsel. Defense counsel shall keep a copy of each certification to identify the individuals who received Protected Information and the date on which such information was first disclosed. Defense counsel agrees not to disclose Protected Information to anyone who refuses to execute the certification.

  12. Authorized persons identified in paragraph 8 may not disclose

Protected Information to any unauthorized person unless the Defendant and/or his counsel makes a written request to the Government for an exception to these restrictions, and such a request is granted. If such exceptions are refused, the Defendant and/or his counsel may seek relief from the Court.

13. Authorized persons identified in paragraph 8 shall store the Protected Information in a secure place and shall use reasonable care to ensure that the Protected Information is not disclosed or disseminated to any third party in violation of this Order. In the event of any inadvertent disclosure of Protected Information, counsel for the Defendant shall promptly notify the Court and the Government as to the identity of the recipient of the inadvertently produced Protected Information and shall use all reasonable efforts to secure the return or destruction of the inadvertently produced Protected Information.

14. The requested restrictions shall not restrict or limit the future use or introduction as evidence of discovery materials containing Protected Information during hearings or trials in this matter, if the inclusion of such information is relevant and otherwise admissible pursuant to the Federal Rules of Evidence and in compliance with any applicable Local Rules.

15. This stipulation is binding on all future and successor counsel, and applies to Protected Information disclosed to the defense prior to the date of the Order below.

16. The Defendant and his counsel agree that they have no ownership or proprietary interest in the materials subject to the below Order. Upon conclusion of this litigation (i.e., when the Defendant has exhausted any right of

direct appeal from any judgment and conviction resulting from a trial or guilty plea), the Defendant's attorneys shall return to counsel for the Government, or destroy and certify to counsel for the Government such destruction, all materials containing Protected Information within a reasonable time, not to exceed sixty (60) days after the conclusion of the litigation.

**Form and entry consented to**:

*s/ Ian D. Brater*

---

IAN D. BRATER
Assistant U.S. Attorney

TIM ANDERSON, ESQ.
Attorney for defendant

**ORDER**

IT IS SO ORDERED this 28th day of April, 2021:

HON. DOUGLAS E. ARPERT
United States Magistrate Judge

7

# **CERTIFICATION**

I, _____, acknowledge that I have read the Court's
(Name of Recipient)

Protective Order in the case of *U.S. v. Richard N. Edwards, Jr., et al.*, Mag. No. 21-6021 (DEA).

I also have been advised by _____, that I will be viewing
(Name of Counsel)

materials that contain sensitive information. I also have been advised that such information should be held in strict confidence, should only be used in connection with the investigation and trial preparation of this case and that further disclosure, dissemination or use is prohibited without defense counsel's express consent.

_____  _____
Signature                                                   Date